IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Phillip Byrd, | ) | C/A No. 0:14-4864-RBH-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Joseph McFadden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Phillip Byrd, a self-represented state prisoner, filed this petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  This matter comes before the court pursuant to 28 U.S.C.

§ 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the

respondent's motion for summary judgment.  (ECF No. 18.)  Pursuant to <u>Roseboro v. Garrison</u>, 528

F.2d 309 (4th Cir. 1975), Byrd was advised of the summary judgment and dismissal procedures and

the possible consequences if he failed to respond adequately to the respondent's motion.  (ECF No.

19.)  Byrd filed a response in opposition to the respondent's motion.  (ECF No. 29.)  Having

carefully considered the parties' submissions and the record in this case, the court concludes the

respondent's motion for summary judgment should be granted and Byrd's Petition be denied.

## BACKGROUND

Byrd was indicted in October 2006 in Greenville County for trafficking in crack cocaine,

assault with intent to kill ("AWIK"), and assault and battery with intent to kill ("ABWIK") (2006-

GS-23-8710, -9359, -9361).  (App. at 102-07, ECF No. 17-1 at 104-109.)  Byrd was also indicted

in September 2007 in Greenville County for unlawful carrying of a pistol (2007-GS-23-9688), and

in February 2009 in Greenville County for ABWIK, possession of a weapon during commission of

a violent crime, and possession of a pistol by a person convicted of a violent crime (2009-GS-23-0239, -0240). (App. at 108-15, ECF No. 17-1 at 110-17.) Byrd was represented by E.P. "Bill" Godfrey, Esquire, and on June 18, 2009 pled guilty as charged.[1] (App. at 21-22, ECF No. 17-1 at 23-24.) The circuit court sentenced Byrd to twenty-five years' imprisonment for trafficking in crack cocaine, ten years' imprisonment for AWIK, twenty years' imprisonment for each count of ABWIK, one year's imprisonment for unlawful carrying of a pistol, and five years' imprisonment for each count of possession of a pistol by a person convicted of a violent crime. (App. at 27-28, ECF No. 17-1 at 29-30.) Byrd did not appeal his conviction or sentence.

Byrd filed a *pro se* application for post-conviction relief ("PCR") on April 13, 2010 in which he raised the following claims:

(a)    Ineffective Assistance of Counsel[;]
(b)    Conviction Obtained In Violation of Fourth Amendment[;]
(c)    Trial Court Refused to Accept Plea Offer[.]

(See Byrd v. State of South Carolina, 10-CP-23-2961; App. at 30-36, ECF No. 17-1 at 32-38.) The State filed a return. (App. at 37-40, ECF No. 17-1 at 39-42.) On May 11, 2011, the PCR court held an evidentiary hearing at which Byrd appeared, testified, and was represented by Elizabeth P. Wiygul, Esquire. By order filed July 12, 2011, the PCR court denied and dismissed with prejudice Byrd's PCR application. (App. at 93-101, ECF No. 17-1 at 95-103.)

---

[1] The State *nolle prossed* the indictment for possession of a weapon during commission of a violent crime (2009-GS-23-0239) and approximately twenty additional indictments against Byrd in exchange for his guilty plea. (Respt.'s Mem. Supp. Mot. Summ. J., ECF No. 17 at 2 n.1.)



On appeal, Byrd was represented by LaNelle Cantey DuRant, Esquire, Assistant Appellate Defender, who filed a <u>Johnson</u>[2] petition for a writ of certiorari that presented the following issue:

> Did the PCR court err in failing to find counsel ineffective for not insuring that petitioner's guilty plea was entered freely, voluntarily and knowingly?

(ECF No. 17-3.) Byrd filed a *pro se* response to the <u>Johnson</u> petition in which he raised the following issue:

> Question One:   Whether Trial Counsel Was Ineffective For Not Challenging Arrest Warrants?

(ECF No. 17-4.) On September 30, 2014, the South Carolina Court of Appeals issued an order denying Byrd's petition for a writ of certiorari. (ECF No. 17-5.) The South Carolina Court of Appeals denied Byrd's petition for rehearing on November 21, 2014. (ECF Nos. 17-6 & 17-7.) The remittitur was issued December 30, 2014. (ECF No. 17-8.) This action followed.

## FEDERAL HABEAS ISSUES

Byrd's federal Petition for a writ of habeas corpus raises the following issues:

**Ground One:** Petitioner plea was Involuntary which was a violation of my 6th amendment right to effective assistance of counsel[.]
**Supporting Facts:** At hearing petitioner informed Trial Counsel he was not guilty of ABWIK and AWIK charges and guilty of trafficking that happened in 2008 . . . . Trial Counsel and State forced Petitioner to plea guilty to charges he was innocen[t] of stating if he didn't plea to the charges he was not guilty of they was go[ing] to take him to trial on the trafficking charge he wanted to plea guilty to[.]

---

[2] <u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1988) (applying the factors in <u>Anders v. California</u>, 386 U.S. 738 (1967), to post-conviction appeals). <u>Anders</u> requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. <u>Anders</u>, 386 U.S. at 744.



**Ground Two:**  Trial Counsel failed to challenge Arrest Warrant and Trial Counsel failed to perfect a Direct appeal which is a violation of my [*sic.*]
**Supporting Facts:**  On the Arrest Warrant of A.W.I.K. it states that the victim Michael Brock was shot multiple times but in Michael Brock Statement he never states he was shot only that he was shot at.  In the Arrest Warrant A.B.I.K. the arrest warrant stated that my co-defendant informed them that Petitioner was the shooter but co-defendant never implemented me.  Trial Counsel failed to perfect a Direct appeal on the alleged Grounds.

**Ground Three:**  Trial Counsel failed to Investigate which is a violation of my 6th and 14th Amendment Rights[.]
**Supporting Facts:**  Petitioner informed Trial Counsel that he had a[n] alibi witness and counsel failed to Investigate, Trial Counsel failed to investigate photo line-up, They only showed a single picture of me, And Counsel failed to investigate Eye witness statement had he investigated her statement he would of seen that Eye witness described a light skin fellow who was the Shooter whereas I am in Darkskin.

**Ground Four:**  Trial Counsel was ineffective for not informing petitioner of plea agreement and not objecting to plea deal.  Trial Counsel gave erroneous advice[.]
**Supporting Facts:**  Petitioner told Counsel he was guilty of a Trafficking offense that was in January of 2008, Trial Counsel told Petitioner he was plea'n to Trafficking in 2008 but instead had petitioner pleaing to a Trafficking 06-8710 that was in 2006 in which petitioner stated he was guilty of.  Also Counsel didn't object to a Sentence enhancement when Trafficking 1st was Enhanced to a 2nd degree Trafficking due to a Simple possession[.]

(Pet., ECF No. 1) (errors in original).

## DISCUSSION

### A.    Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary



judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.**    **Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly



established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 562 U.S. 86, 100 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 562 U.S. at 103). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington,



562 U.S. at 101. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 102. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. at 102-03 (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.    Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner



must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.    Summary Judgment Motion**

      **1.    Procedural Bar**

            **a.    Grounds One and Four**

In Ground One of the Petition, Byrd alleges he was coerced into pleading guilty to AWIK and ABWIK, despite his innocence, because plea counsel and the solicitor told him he either had to plead guilty to AWIK and ABWIK or face trial on a drug trafficking charge to which he admitted guilt. In Ground Four of the Petition, Byrd alleges plea counsel gave him erroneous advice about the plea process, failed to inform Byrd of the plea agreement's terms, and did not object to certain terms of the agreement.

The respondent argues Grounds One and Four are procedurally defaulted. The respondent asserts Byrd did not raise Ground One as a specific allegation or present evidence in support of it at



the PCR hearing, nor did he raise it on certiorari to the state appellate court. The respondent also asserts Byrd did not raise Ground Four on certiorari to the state appellate court, even though it was raised to and ruled on by the PCR court. The respondent argues Byrd's failure to raise these issues on appeal from the denial of his PCR application requires the court to find the claims are procedurally defaulted pursuant to Coleman. The court disagrees.

The court finds Grounds One and Four are not procedurally defaulted because these issues were raised to and ruled on by the PCR court, and raised to the state appellate court on certiorari. The crux of Byrd's claim throughout the collateral proceedings is that plea counsel was ineffective because he advised Byrd to plead guilty to offenses he did not commit; he had no choice but to plead guilty because plea counsel was not prepared to defend those charges at trial; and the solicitor was threatening to take him to trial on other charges for which he was guilty. (App. at 51-52, 56, 59-61; ECF No. 17-1 at 53-54, 58, 61-63.) The PCR court found Byrd "failed to produce any evidence that plea counsel tendered improper or inaccurate advice either before or during the plea hearing," and "he entered a knowing and voluntary guilty plea." (App. at 98, ECF No. 17-1 at 100.) The PCR court's ruling shows it understood Byrd's involuntary plea argument was based on claims that he was coerced (Ground One) and misadvised (Ground Four). Further, Byrd's appellate PCR counsel raised the involuntary plea claim in the Johnson petition for a writ of certiorari, without limiting the bases to a claim of coercion or that Byrd was misadvised. (ECF No. 17-3.) Accordingly, the court disagrees with the respondent's claim that Grounds One and Four are procedurally defaulted because they were either not raised at the PCR hearing or on appeal from the denial of Byrd's PCR application, and the merits of these claims are addressed below in part D.2.b.



###### b.   Ground Two (b)

In Ground Two of the Petition, Byrd alleges plea counsel was ineffective because (a) he did not challenge the factual inaccuracies in Byrd's arrest warrants for the assault charges or (b) file a direct appeal on this issue. The respondent argues Byrd's claim in Ground Two (b) that plea counsel was ineffective for failing to raise this issue on appeal is procedurally barred because it was not raised in Byrd's PCR appeal. The court agrees.

At the PCR hearing, Byrd testified that he wanted to file an appeal because he was not guilty of the assault charges and he did not receive the plea offer that plea counsel told him he would receive. In the order of dismissal, the PCR court construed this allegation as a request for a belated direct appeal and found Byrd was not entitled to a belated direct appeal. (App. at 99, ECF No. 17-1 at 101.) However, Byrd's allegation of ineffective assistance of counsel for not appealing the arrest warrant issue was not raised at the PCR hearing, in a Rule 59(e) motion to alter or amend the judgment, or on appeal from the denial of his PCR application. Accordingly, this claim would be barred under South Carolina's rules of error preservation. See Humbert v. State, 548 S.E.2d 862, 866 (S.C. 2001) (holding that an issue must be raised to and ruled on by the PCR court to be preserved for appellate review). Therefore, Byrd's claim is procedurally defaulted because it was not presented to the state appellate courts and would be barred from consideration under state procedural rules. See Lawrence, 517 F.3d at 714.

In his response in opposition to the respondent's motion for summary judgment, Byrd argues he can demonstrate cause to excuse his procedural default. (Petr.'s Resp., ECF No. 29 at 13); see Coleman, 501 U.S. at 750; see also Stricker v. Greene, 527 U.S. 263, n.24 (1999) (stating "cause" ordinarily requires "some objective factor external to the defense [that] impeded counsel's efforts



to comply with the State's procedural rule") (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)). However, Byrd offers no support for this argument, and nothing in the record suggests Byrd faced an impediment to complying with South Carolina's error preservation rules. <u>See Stricker</u>, 527 U.S. at n.24. Therefore, the court finds Byrd has failed to demonstrate cause. The court also finds Byrd cannot demonstrate actual prejudice from the underlying claim that trial counsel was ineffective for failing to appeal the arrest warrant issue. <u>See Coleman</u>, 501 U.S. at 750. Byrd's underlying claim is patently meritless because, as discussed below, plea counsel had no basis to challenge the arrest warrants, and a successful challenge would not have changed the outcome of the proceeding.[3] Therefore, the court declines to excuse Byrd's procedural default because he cannot demonstrate prejudice in the underlying claim, nor can he show the court's failure to consider his claim would result in a fundamental miscarriage of justice. <u>Id.</u>

### c.    Ground Three (a)

In Ground Three (a) of the Petition, Byrd alleges plea counsel was ineffective because he did not conduct an investigation of the State's photo-lineup used to identify Byrd. The respondent

---

[3] Moreover, to the extent Byrd argues plea counsel was ineffective for disregarding a specific instruction to file an appeal, the court finds the evidence in the record is insufficient to show Byrd specifically instructed plea counsel to file an appeal on his behalf. <u>See Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000) ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."). At the PCR hearing, plea counsel testified Byrd said he "wanted to appeal," but plea counsel did not file the appeal because there was no basis for an appeal that would allow him to satisfy the requirements of Rule 203(d)(1)(B)(iv), SCACR, which requires defendants appealing a guilty plea to include a written explanation accompanying the notice of appeal that shows there is an issue which can be reviewed on appeal. (App. at 68, ECF No. 17-1 at 70.) Plea counsel's indication that Byrd "wanted" to appeal unambiguously shows Byrd was *interested* in an appeal, but there is no evidence in the record showing Byrd *instructed* plea counsel to file a notice of appeal after plea counsel advised Byrd that there were no appealable issues. Therefore, to the extent Byrd raises this claim, it does not provide cause to excuse his procedural default.



argues this claim is procedurally defaulted because it was not raised to the state appellate court by either appellate PCR counsel in her <u>Johnson</u> petition for a writ of certiorari or by Byrd in his *pro se* response.  The court disagrees because, as a claim that was ruled on by the PCR court and thus preserved for appellate review on certiorari, the state appellate court reviewed the claim pursuant to the procedures outlined in <u>Anders v. California</u>.[4]  See <u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1988) (stating counsel may withdrawal from representation in a meritless PCR appeal if the procedures in <u>Anders</u> are followed); <u>see also</u> <u>Jamison v. State</u>, 765 S.E.2d 123, 128 (S.C. 2014) ("This Court recently held that, '[u]nder the <u>Anders</u> procedure, an appellate court is required to review the entire record, including the complete trial transcript, for any *preserved* issues with potential merit.' ") (emphasis in original) (citing <u>McHam v. State</u>, 746 S.E.2d 41, 46 (S.C. 2013)).  Therefore, the <u>Anders</u> procedures followed by the South Carolina appellate courts in reviewing <u>Johnson</u> petitions for a writ of certiorari necessarily encompasses a review of all issues raised to and ruled on by the PCR court.  Accordingly, the court rejects the respondent's contention that the photo-lineup claim is procedurally defaulted because neither PCR appellate counsel nor Byrd *expressly* listed the claim in the <u>Johnson</u> petition for a writ of certiorari or the *pro se* response.  Consequently, the court addresses the merits of this claim below in part D.2.d.i.

**2.    Merits of Remaining Claims**

**a.    Ineffective Assistance of Counsel Generally**

A defendant has a constitutional right to the effective assistance of counsel.  To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated

---

[4] <u>Anders v. California</u>, 386 U.S. 738, 744 (1967) (holding that in reviewing an appeal from counsel who seeks to withdrawal from representation because the case is wholly frivolous, the court fully examines all of the proceedings and decides whether the case is wholly frivolous).



in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result.  <u>Id.</u> at 687; <u>see</u> <u>also</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 391 (2000) (stating that "the <u>Strickland</u> test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

 To satisfy the first prong of <u>Strickland</u>, a petitioner must show that plea counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution.  With regard to the second prong of <u>Strickland</u>, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694.  However, to prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, the <u>Strickland</u> test is "some what different." <u>Burket v. Angelone</u>, 208 F.3d 172, 189 (4th Cir. 2000).  To establish the prejudice prong of the <u>Strickland</u> test, a habeas petitioner who pled guilty must show " 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' "[5] <u>Id.</u> (quoting <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985)) (discussing the <u>Strickland v. Washington</u> standard to establish ineffectiveness of counsel in the context of a guilty plea).

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under <u>Strickland</u> with unreasonableness under § 2254(d)."

---

[5] The court observes that the United States Supreme Court has addressed the prejudice prong of the <u>Strickland</u> test where the plea offer has lapsed or been rejected due to counsel's deficient performance.  <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012); <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012). However, the Court reaffirmed that the <u>Hill</u> analysis continues to apply to cases "where a defendant complains that ineffective assistance led him to accept a plea offer as opposed to proceeding to trial." <u>Frye</u>, 132 S. Ct. at 1409.



Harrington, 562 U.S. at 105. The Court observed that while " '[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

The Supreme Court has held that a decision containing a reasoned explanation is not required from the state court. As stated above, if no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. In the case at bar, this court has the benefit of the PCR court's written order dismissing Byrd's PCR application, certiorari review of which was denied by the South Carolina Court of Appeals. Therefore, the court turns to the question whether the PCR court's order unreasonably misapplied federal law or was based on an unreasonable determination of the facts. Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland/Hill test in determining that no Sixth Amendment violation occurred.

### b. Grounds One and Four

In Ground One, Byrd alleges he was coerced into pleading guilty to AWIK and ABWIK, despite his innocence, because plea counsel and the solicitor told him he either had to plead guilty



to AWIK and ABWIK or face trial on a drug trafficking charge to which he admitted guilt. In Ground Four, Byrd alleges plea counsel gave him erroneous advice about the plea process, failed to inform Byrd of the plea agreement's terms, and did not object to certain terms of the agreement. Specifically, Byrd claims plea counsel incorrectly told him he was pleading guilty to a 2008 drug trafficking charge, when the plea agreement was for Byrd to plead guilty to a 2006 drug trafficking charge. Byrd also claims plea counsel failed to object to the classification of his drug trafficking charge as a second offense for sentencing.

The court finds Byrd has not shown that the PCR court's analysis of these issues, or the appellate court's decision to deny certiorari, misapplied clearly established federal law, or even if there was an error, that it was unreasonable. See § 2254(d)(1), (2); see also Williams, 529 U.S. at 410. Here, the PCR court reasonably found Byrd knowingly and voluntarily entered his guilty plea, and also that Byrd failed to present evidence that plea counsel tendered improper or inaccurate advice. See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985) (stating that to prove counsel was ineffective during the plea process, the defendant must show counsel's advice was within the range of competence demanded of attorneys in criminal cases and that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial); Boykin v. Alabama, 395 U.S. 238, 243-44 (1969) (establishing that a defendant's guilty plea must made on the record, and is valid only if it was made voluntarily and knowingly, meaning the defendant had a full understanding of the consequences of his plea and the charges against him).

Byrd's plea colloquy and plea counsel's testimony demonstrate Byrd made a voluntary and informed decision to plead guilty. During the plea colloquy, Byrd indicated his decision to plead guilty was not influenced by any threats or promises. (App. at 19, ECF No. 17-1 at 21). Byrd also

Page 15 of 25



admitted he was advised of, and considered the nature of, the charges he faced and the sentencing consequences of pleading guilty. (App. at 17-20, ECF No. 17-1 at 19-22). Further, the plea judge explained to Byrd the constitutional rights he was waiving by pleading guilty, and Byrd indicated he understood. (App. at 16, ECF No. 17-1 at 18). Therefore, Byrd's statements during the plea colloquy conclusively show his plea was made voluntarily and intelligently, see Boykin, 395 U.S. at 243-44, and Byrd has not presented any reason for the court disregard those statements. See Via, 643 F.2d 167, 171 (4th Cir. 1981); see also Savino, 82 F.3d 593, 603 (4th Cir. 1996) ("[S]uch in-court representations from the defendant are treated as conclusive with regard to the validity of the plea and may not be controverted later absent some compelling reason[.]").

While Byrd claims he only pled guilty because plea counsel was not prepared to go to trial on the assault charges, the PCR court found his testimony was incredible. (App. at 97, ECF No. 17-1 at 99); see Elmore v. Ozmint, 661 F.3d 783, 850 (4th Cir. 2011) ("We must be 'especially' deferential to the state PCR court's findings on witness credibility, and we will not overturn the court's credibility judgments unless its error is 'stark and clear.' ") (quoting Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010)). On the other hand, the PCR court reasonably credited plea counsel's testimony, and plea counsel's testimony indeed demonstrates Byrd made a knowing and voluntary decision to plead guilty. (App. at 98, ECF No. 17-1 at 100.) Plea counsel testified that during plea negotiations, Byrd had twenty-seven pending state criminal charges. (App. at 67, ECF No. 17-1 at 69.) One of the charges was for drug trafficking, to which Byrd admitted his guilt to plea counsel. (App. at 66, ECF No. 17-1 at 68.) The trafficking charge carried a mandatory minimum sentence of twenty-five years' imprisonment, and the solicitor planned on trying that charge before the other twenty-six charges. (App. at 66-68, ECF No. 17-1 at 68-70.) Plea counsel testified he negotiated



a plea deal with the solicitor that required Byrd to plead guilty to seven charges in exchange for the solicitor's dropping the remaining twenty charges, and recommending a fifteen-year sentence to the sentencing judge. (App. at 67, ECF No. 17-1 at 69.) Byrd told plea counsel he wanted to accept the plea offer, but, during his plea hearing, the sentencing judge stated he would not follow the solicitor's recommended sentence if Byrd pled guilty. (App. at 67-68, ECF No. 17-1 at 69-70.) During a break in the plea hearing, plea counsel advised Byrd that if he pled guilty, he would receive more than the recommended fifteen-year sentence, per the sentencing judge's statement, but he may still receive less than the mandatory minimum sentence he would receive if he went to trial or pled guilty to the trafficking charge. (App. at 67-68, ECF No. 17-1 at 69-70.) Plea counsel testified Byrd again decided to plead guilty to the seven charges per the plea agreement. (App. at 68, ECF No. 17-1 at 70.)

Plea counsel's testimony shows that while the solicitor used Byrd's numerous charges as leverage in negotiating a plea deal, there was no coercion by plea counsel to make Byrd plead guilty to crimes he did not commit. To the contrary, plea counsel negotiated a plea deal that allowed Byrd to avoid trial on serious charges that carried long sentences, and to which Byrd admitted his guilt. Accordingly, any claim by Byrd that his guilty plea was not entered voluntarily cannot reasonably be viewed as a deficiency by plea counsel. See Brady v. United States, 397 U.S. 742, 751 (1970) ("We decline to hold . . . that a guilty plea is compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher

penalty authorized by law for the crime charged.").[6] Further, plea counsel's testimony demonstrates his advice to Byrd thoroughly explained the risks and consequences of going to trial or taking the plea deal. See Hill, 474 U.S. at 56 ("The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'") (citing North Carolina v. Alford, 400 U.S. 25, 31 (1970)). Therefore, the PCR court's findings that Byrd knowingly and voluntarily entered his guilty plea and that plea counsel did not misadvise Byrd about the plea agreement were not contrary to, or an unreasonable application of, the Strickland/Hill test. The respondent is entitled to summary judgment as to Grounds One and Four.

c.    **Ground Two (a)**

In Ground Two, Byrd alleges plea counsel was ineffective because he (a) did not challenge the factual inaccuracies in Byrd's arrest warrants for the assault charges, or (b) file a direct appeal on this issue.[7] Byrd claims there were discrepancies between the arrest warrants and a statement from a witness concerning whether a victim was shot, and two statements from Byrd's co-defendant concerning whether Byrd participated in the assaults.

---

[6] In Brady, the Supreme Court left open the question of whether a defendant's guilty plea was voluntary where the prosecutor threatens prosecution on a charge not justified by the evidence. Brady, 397 U.S. at n.8. The court notes Byrd's allegation in the Petition that his guilty plea was involuntary in part because of coercion by the solicitor. This claim is loosely supported by plea counsel's testimony at the PCR hearing that the solicitor offered the plea deal in lieu of taking Byrd to trial on a trafficking charge. However, plea counsel testified the solicitor's trafficking case was strong and Byrd admitted as much. Therefore, plea counsel's testimony, which was reasonably credited by the PCR court, refutes any claim that the solicitor's tactic of leveraging the trafficking case was coercive pursuant to Brady because it shows the trafficking case was justified by the evidence. Id.

[7] As stated above, Byrd's claim in Ground Two (b) that plea counsel was ineffective for failing to raise the arrest warrants claim on appeal is procedurally barred from federal habeas review.



As to Byrd's claim that plea counsel was ineffective because he did not challenge the inaccuracies in the arrest warrants, the court finds Byrd has not shown that the PCR court's analysis of this issue, or the appellate court's decision to deny certiorari, misapplied clearly established federal law, or even if there was an error, that it was unreasonable. See § 2254(d)(1), (2); see also Williams, 529 U.S. at 410. The PCR court found plea counsel was not ineffective for not challenging the arrest warrants because Byrd failed to introduce the allegedly discrepant statements at the PCR hearing. The court notes that Byrd did in fact introduce the co-defendant's statements (App. at 80-83, ECF No. 17-1 at 82-85), but regardless, the statements do not show any factual discrepancies with the arrest warrants.[8] Further, the court cannot evaluate whether plea counsel had a basis to challenge the arrest warrant based on the witness's statement because Byrd failed to present the statement at the PCR hearing. Therefore, Byrd did not establish a basis to challenge the arrest warrants, and accordingly, he failed to show plea counsel was deficient. See Strickland, 466 U.S. at 688.

Also, even assuming plea counsel had a cognizable basis to challenge the arrest warrants, Byrd failed to demonstrate that the PCR court unreasonably found that Byrd failed to prove he was prejudiced by plea counsel's purported deficiency. See Strickland, 466 U.S. at 693. Byrd was indicted for the assault charges after his arrest, which also would have established probable cause for his arrest had he not already been detained pursuant to the arrest warrants. See Ex parte U.S., 287 U.S. 241 (1932) ("It reasonably cannot be doubted that, in the court to which the indictment is

---

[8] The arrest warrants stated Byrd's co-defendant implicated Byrd in the crime, but did not specify which co-defendant. At the PCR hearing, Byrd introduced two separate statements given by *one* of his co-defendants, and neither of statements implicated Byrd in the assaults. But, because Byrd failed to introduce evidence of which co-defendant the officer claimed implicated Byrd, he cannot establish that the co-defendant's statements refuted the arrest warrants.



returned, the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer."); see also Law v. S.C. Dep't of Corrs., 629 S.E.2d 642 (S.C. 2006) (stating, in a cause of action for malicious prosecution, South Carolina adheres to the rule that a true bill of indictment is *prima facie* evidence of probable cause). Therefore, even if plea counsel successfully challenged the arrest warrants for Byrd's assault charges, Byrd would have been arrested after he was later indicted for the same charges. Further, because Byrd raises no objections to the sufficiency of the indictments, his claims that the antecedent arrest warrants were objectionable are of no consequence to the outcome of his proceeding—his guilty plea. See Haring v. Prosise, 462 U.S. 306, 321-22 (1983) (citing Menna v. New York, 423 U.S. 61, n.2 (1975) ("A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established.")). Therefore, the PCR court's finding that plea counsel was not ineffective for not challenging the arrest warrants is not contrary to, or an unreasonable application of, the Strickland test, and the respondent is entitled to summary judgment as to Ground Two.

### d.    Ground Three

In Ground Three, Byrd alleges plea counsel was ineffective because he (a) failed to conduct an investigation of the State's photo-lineup used to identify Byrd; (b) failed to investigate an eyewitness statement that implicated Byrd; (c) and failed to find the alibi witness named by Byrd.

### i.    Ground Three (a)—Photo-Lineup

As to Byrd's claim that plea counsel was ineffective because he did not conduct an investigation of the State's photo-lineup used to identify Byrd, the court finds Byrd has not shown



that the PCR court's analysis of this issue, or the appellate court's decision to deny certiorari, misapplied clearly established federal law, or even if there was an error, that it was unreasonable. See § 2254(d)(1), (2); see also Williams, 529 U.S. at 410. The PCR court found Byrd failed to meet his burden of proving counsel was ineffective for not challenging the photo-lineup. This finding is supported by Byrd's failure to present evidence to support his allegation that he was identified as the perpetrator of the assault by a witness to whom the police showed a single photograph of Byrd. See Strickland, 466 U.S. at 693. Even assuming the truth of this allegation, Byrd presented no evidence the State intended to use the identification in its prosecution of Byrd. Moreover, the solicitor did not intend to pursue a trial on Byrd's assault charges, and Byrd only pled guilty to the assault charges to avoid the potential of much longer sentences if he was convicted of his other charges. (App. at 47, 66-68; ECF No. 17-1 at 49, 68-70.) Therefore, Byrd cannot establish that the PCR court unreasonably found Byrd failed to demonstrate prejudice on this claim because, even assuming Byrd presented evidence showing plea counsel had a basis to challenge the validity of the photo-lineup, which Byrd failed to do, there is no evidence to show he would not have still pled guilty to the assault charges. See Hill, 474 U.S. at 59. Accordingly, the court finds the PCR court's finding on Byrd's photo-lineup claim is not contrary to, or an unreasonable application of, the Strickland test.

### ii.    Ground Three (b)—Eyewitness Statement

As to Byrd's eyewitness statement claim the court finds Byrd cannot demonstrate plea counsel was ineffective.  See Strickland, 466 U.S. at 688.[9]  As discussed above, plea counsel's testimony showed Byrd pled guilty to the assault charges to avoid trials on his other charges. Crediting this testimony, the PCR court reasonably found that plea counsel had no reason to investigate or challenge eyewitness statements for the assault charges where he did not need to contest Byrd's guilt.  Further, the PCR court reasonably found that Byrd failed to show he was prejudiced by plea counsel's purported deficiency because, even assuming the eyewitness's statement misidentified Byrd's skin color, Byrd did not present evidence to show he would have gone to trial on the assault charges rather than plead guilty.  See Hill, 474 U.S. at 59.  Byrd fails to explain how any further investigation by plea counsel would have changed the outcome of the proceeding.  See Strickland, 466 U.S. at 693.  The court finds Byrd is not entitled to habeas corpus relief on this claim.

---

[9] Respondent argues the PCR judge's decision on this claim was not unreasonable, but the court disagrees that the PCR court ruled on Byrd's this claim.  Byrd raised a related claim to the PCR court that plea counsel was ineffective because he failed to challenge the *arrest warrant* based on the alleged discrepancy in the eyewitness statement.  (App. at 48-49, ECF No. 17-1 at 50-51.)  This specific claim was ruled on by the PCR court, as indicated above.  Cf. Section D.1.b., supra. However, Byrd's claim that trial counsel was ineffective for failing to investigate the discrepancy in the eyewitness statement was not ruled on by the PCR court, raised by Byrd in a Rule 59(e) motion to alter or amend the PCR court's order, and not raised to the state appellate courts on appeal. Nonetheless, the respondent has not argued that this claim is procedurally defaulted, and the court is not required to *sua sponte* raise the issue of procedural default.  See Trest v. Cain, 522 U.S. 87, 89 (1997) (stating federal habeas courts are not required to raise procedural default where the State does not do so); Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("As such, the issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").  The court declines to exercise its discretion to find Byrd's claim is procedurally defaulted because Byrd has not yet been notified that procedural default may be raised as a defense to this claim.  Accordingly, the court proceeds to consider the merits of Byrd's eyewitness statement claim.



### iii.    Ground Three (c)—Alibi Witness

As to Byrd's claim that plea counsel was ineffective because he failed to investigate the alibi witness Byrd named, the court finds Byrd has not shown that the PCR court's analysis of this issue, or the appellate court's decision to deny certiorari, misapplied clearly established federal law, or even if there was an error, that it was unreasonable. See § 2254(d)(1), (2); see also Williams, 529 U.S. at 410. The PCR court reasonably found Byrd failed to demonstrate prejudice from this alleged deficiency because Byrd did not produce the alibi witness's testimony. The court finds Byrd's failure to produce evidence at the PCR hearing that the alibi witness would have provided favorable evidence for his defense supports the PCR court's decision that Byrd failed to show he was prejudiced. See Strickland, 466 U.S. at 693; see also Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996) ("[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced."); see also Bassette v. Thompson, 915 F.2d 932, 941 (4th Cir. 1990) (finding appellant could not establish that counsel was ineffective for failing to call certain witnesses without advising the court of what an adequate investigation would have revealed or what testimony the witnesses might have provided). Accordingly, the court finds the PCR court's finding on Byrd's alibi witness claim is not contrary to, or an unreasonable application of, the Strickland test, and the respondent is entitled to summary judgment as to Ground Three.

PJG

## RECOMMENDATION

For the foregoing reasons, the court recommends the respondent's motion for summary judgment (ECF No. 18) be granted and Byrd's Petition be denied.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 27, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).