UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Phillip Byrd, | ) | Civil Action No.: 0:14-cv-04864-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Joseph McFadden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Phillip Byrd, a state prisoner proceeding pro se, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. Respondent filed a motion for summary judgment, as well as a return and supporting memorandum. *See* ECF Nos. 17 & 18. Petitioner filed a response in opposition to Respondent's motion for summary judgment. *See* ECF No. 29. The matter is now before the Court for consideration of Petitioner's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Paige J. Gossett, who recommends granting Respondent's motion for summary judgment.[1] *See* R & R, ECF No. 31.

For the reasons stated below, the Court adopts the Magistrate Judge's R & R, grants Respondent's motion for summary judgment, and dismisses Petitioner's § 2254 petition with prejudice.

**Background**

The State of South Carolina indicted Petitioner in 2006 in Greenville County on charges of trafficking in crack cocaine, assault with intent to kill ("AWIK"), and assault and battery with intent to kill ("ABWIK"). In 2007, he was indicted for unlawful carrying of a pistol. In 2009, he was indicted for ABWIK, possession of a weapon during commission of a violent crime, and possession of a pistol

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

by a person convicted of a violent crime. Petitioner faced twenty (20) other state charges, which were dismissed when he entered a guilty plea to the seven (7) charges set forth above.[2] Petitioner pled guilty to the seven offenses set forth above, as charged, and the state plea court sentenced him to an aggregate term of twenty-five years' imprisonment. The Magistrate Judge's R & R contains a thorough summary of the facts and procedural history of this case, with citations to the record. *See* R & R at 1-3. Respondent filed no objections to the R & R, and Petitioner does not object to the Magistrate Judge's summary. Accordingly, the Court adopts the facts and procedural history set forth in the R & R.

## Legal Standards

**I.     Review of the Magistrate Judge's R & R**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court

---

[2]    Petitioner also faced a federal charge, to which he entered a guilty plea before disposition of the state charges.

need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

**II.     Summary Judgment**

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party, *Reyazuddin*, 789 F.3d at 413, but the Court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).

**III.    Federal Habeas Review Under 28 U.S.C. § 2254**

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254 governs review of his claims. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented

3

in the State court proceeding.

28 U.S.C. § 2254(d). "Section 2254(d)(1) describes the standard of review to be applied to claims challenging how the state courts applied federal law, while § 2254(d)(2) describes the standard to be applied to claims challenging how the state courts determined the facts." *Winston v. Kelly*, 592 F.3d 535, 553 (4th Cir. 2010).

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "[e]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 88 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Moreover, state court factual determinations are presumed to be correct, and Petitioner has the burden to rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Under the AEDPA, a federal court must afford a state court's decision "deference and latitude that are not in operation when the case" is being considered on direct review. *Harrington*, 562 U.S. at 101. Federal review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. *See id.* at 98 (observing "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show there was no reasonable basis for the state court to deny relief. *Id.* Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories

4

supported or could have supported the state court's decision; and (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court.  *Id.* at 102.

In other words, to obtain habeas corpus from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.  "If this standard is difficult to meet, that is because it was meant to be."  *Id.* at 102.  Section 2254(d) codifies the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Id.* at 102-03 (internal quotation marks omitted).

**IV.**   ***Strickland* Test for Ineffective Assistance of Counsel**

Claims of ineffective assistance of counsel must be reviewed under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984).  A habeas petitioner must first show counsel's performance was deficient and fell below an objective standard of reasonableness.  *Id.* at 687-88; *see also Harrington*, 562 U.S. at 105 ("Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d)."). Second, the petitioner must show prejudice, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 688, 694.

The *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel.  *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).  In the guilty plea context, the inquiry regarding counsel's alleged deficiency hinges on whether the defendant knowingly, voluntarily, and intelligently entered his plea.  *See id.* at 56 (stating that when "a defendant is represented by counsel during the plea

5

process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases" (internal quotation marks omitted)). The prejudice component "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59 ("In other words, in order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").

## V.     Relationship Between § 2254(d) and *Strickland*

"The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (internal quotation marks and citations omitted). Consequently, when applying § 2254(d) to an ineffective assistance of counsel claim, the Court must determine "not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

## **Discussion**

Petitioner presented four grounds for relief in his § 2254 petition. He alleges in Ground One that his guilty plea was involuntary due to the ineffective assistance of his plea counsel. ECF No. 1 at 5. In Ground Two, he alleges that trial counsel "failed to challenge Arrest Warrant, and . . . failed to perfect a Direct appeal." ECF No. 1 at 7.[3] In Ground Three, he alleges that trial counsel failed to investigate his case. ECF No. 1 at 8. In Ground Four, he alleges that trial counsel was ineffective for

---

[3]     The Magistrate Judge divided Ground Two into two subsections, Grounds Two (a) and Two (b). Ground Two (a) was Petitioner's argument that counsel was ineffective in failing to challenge alleged factual inaccuracies in the arrest warrants for the assault charges. Ground Two (b) was Petitioner's argument that plea counsel was ineffective for failing to raise in a direct appeal the issue of the factual inaccuracies in the arrest warrants for the assault charges. She found that Ground Two (b) was procedurally defaulted for failing to raise the issue at the PCR hearing, in a Rule 59 motion, or in his PCR appeal. R&R, p. 10. Petitioner objects to the finding that Ground Two (b) is procedurally defaulted. This Court finds that any issue relating to the failure by counsel to file a direct appeal is procedurally defaulted because the issue was not raised in the appeal from the order of the PCR court. Petitioner has failed to show cause and prejudice, as analyzed by the Magistrate Judge.

"not informing petitioner of plea agreement and not objecting to plea deal." ECF No. 1 at 10. The Magistrate Judge considered the merits of Grounds One, Ground Two (a), Ground Three, and Ground Four in the R & R, and she concluded the state PCR court's decision rejecting these claims was neither contrary to nor an unreasonable application of applicable Supreme Court precedent, namely *Strickland* and *Hill*. R & R at 23-32.

In his objections, Petitioner challenges the Magistrate Judge's disposition of the merits of Grounds One through Four. The Court agrees with the Magistrate Judge that Petitioner is not entitled to habeas relief on his ineffective assistance claims because the state PCR court[4] did not act contrary to or unreasonably apply *Strickland* and *Hill* in denying the claims. *See* 28 U.S.C. § 2254(d)(1). The Court further finds that the PCR court did not unreasonably determine the facts in rejecting Petitioner's claims, and that Petitioner has not rebutted the PCR court's factual findings with clear and convincing evidence. *See* 28 U.S.C. § 2254(d)(2); 28 U.S.C. § 2254(e)(1). Accordingly, on the basis of the discussion below and on the basis of the reasoning in the Magistrate Judge's Report and Recommendation, the Court overrules Petitioner's objections and adopts and incorporates the Magistrate Judge's R & R by reference.

**Grounds One and Four: Trial Counsel Godfrey Allegedly Provided Ineffective Assistance of Counsel for Failing to Ensure that Petitioner's Plea to Assault Charges was Voluntary. Trial**

---

[4] The Supreme Court of South Carolina summarily refused to hear Petitioner's PCR appeal by denying his petition for a writ of certiorari, so the PCR court's decision is the proper one to evaluate under § 2254(d). *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."); *Grueninger v. Dir., Virginia Dep't of Corr.*, __ F.3d __, __ (4th Cir. 2016) ("When a state appellate court summarily affirms a reasoned lower-court decision, or refuses a petition for review, then under *Ylst*, a federal habeas court is to 'look through' the unexplained affirmance to examine the 'last reasoned decision' on the claim, assuming that the summary appellate decision rests on the same ground." (quoting *Ylst*, 501 U.S. at 803-04, 806)); *id.* at __ ("In applying § 2254(d) in this case, we 'look through' the Supreme Court of Virginia's summary refusal to hear Grueninger's appeal and evaluate the Circuit Court's reasoned decision on Grueninger's claim.").

7

**Counsel was Allegedly Ineffective for Failing to Inform Petitioner of the Plea Agreement and Failing to Object to Plea Deal.**

Petitioner objects to the findings in the Magistrate's Report relating to Grounds One and Four. He asserts that "Godfrey advised Petitioner to plead guilty to the assault charges; even though, he thought that the assault charges could not be proven and because he had an understanding with the solicitor that the assault offenses were going to be dismissed." Obj., #ECF No. 44, p. 9. However, Petitioner admits that, had he not entered the plea to the seven charges, then the state would have proceeded to trial on the trafficking charge; that a conviction on the trafficking charge was likely; and that "he feared receiving more time if he went to trial". Obj., p. 8. The petitioner had to make a decision, guided by counsel, whether to plead guilty to the seven (7) charges or to go to trial. He also had to make the difficult decision whether to go forward with the guilty plea after the trial judge indicated that he would not accept the fifteen (15) year sentence recommended by the parties. The PCR judge found Petitioner's attorney to be credible and found Petitioner not to be credible. The PCR court's finding that "the Applicant failed to produce any evidence that plea counsel tendered improper or inaccurate advice either before or during the plea hearing and that he entered a knowing and voluntary guilty plea" did not misapply clearly established federal law or, even if erroneous, was not unreasonable. During the plea colloquy, Petitioner stated that his decision to plead guilty was not influenced by any threats or promises. He admitted that he was advised of and considered the nature of the charges which he faced and the possible sentencing consequences of pleading guilty. The plea colloquy shows that the plea was voluntary and intelligent. *See Boykin v. Alabama*, 395 U.S. 238 (1969) (To be voluntary, a plea must be entered with a full understanding of the charges and the consequences of the plea); *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (Defendant's

representations made during plea hearing and the findings by the judge accepting the plea "constitute a formidable barrier . . . Solemn declarations in open court carry a strong presumption of verity.") *Savino v. Murray*, 82 F.3d 593, 603 (4th Cir. 1996) ("[I]n court representations from the defendant are treated as conclusive with regard to the validity of the plea may not be controverted later absent some compelling reason ...")

The record contains no evidence that counsel failed to communicate the plea deal to Petitioner or that counsel should have objected to the plea deal. Although counsel acknowledged that some of the charges that were dismissed as part of the plea deal were weak, counsel also still managed to obtain dismissal of twenty (20) charges and concurrent sentences on the seven charges to which Petitioner entered the guilty plea. After Judge Young indicated that he would not accept the recommendation of a fifteen (15) year sentence, the record reflects that a break was taken from court proceedings for about forty-five (45) minutes for counsel to discuss the matter with Petitioner. Counsel summarized the dilemma as follows at the PCR hearing:

> Judge Young said he wouldn't accept the 15 years but we didn't know what he was going to say. And this was before our mitigation. And I told Phillip that maybe that after he hears it, that we can do better than what he would get in the courtroom next door. And everything would be resolved. And Phillip decided to go ahead and enter the plea.

ECF No. 17-1, p. 70.

As the Magistrate Judge concluded, "plea counsel negotiated a plea deal that allowed Byrd to avoid trial on serious charges that carried long sentences, and to which Byrd admitted his guilt. Accordingly, any claim by Byrd that his guilty plea was not entered voluntarily cannot reasonably be

9

viewed as a deficiency by plea counsel." R&R, p. 17.[5]

**Ground Two (a): Plea Counsel Was Allegedly Ineffective in Failing to Challenge Factual Inaccuracies in the Arrest Warrants**.

Petitioner asserts that the 2006 arrest warrants for assault contained at least two false statements. First, he alleges that the victim, Michael Brock, did not state that he was shot multiple times. Secondly, he asserts that, in his statements, co-defendant Steven Ladson did not identify Petitioner as occupying the vehicle during the shooting. The PCR court found that Petitioner failed to introduce the statements at the PCR hearing and that therefore he failed to meet his burden to show that counsel was ineffective. The Magistrate Judge found that the Ladson statements were made exhibits at the PCR hearing. However, the arrest warrant stated that Byrd's "co-defendant" implicated him in the crime but did not specify which co-defendant. Therefore, "because Byrd failed to introduce evidence of which co-defendant the officer claimed implicated Byrd, he cannot establish that the co-defendant's statements refuted the arrest warrants." R&R, p. 19, note 8. The Magistrate Judge also found that, even if plea counsel had a cognizable basis to attack the arrest warrants, Byrd failed to show that the PCR court unreasonably found that he was not prejudiced by plea counsel's failure to attack the arrest warrants, as the indictments for the same charges would have established probable cause for the arrest. The Court agrees that the PCR court's findings were not contrary to or an unreasonable application of federal law.

**Ground Three: Plea Counsel was Ineffective for Failing to Investigate the Photo Lineup, Failing to Investigate an Eye-Witness Statement, and Failing to Locate the Alibi Witness Named by Byrd.**

---

[5] According to counsel's letter to the petitioner dated August 17, 2010, after the plea and sentencing had occurred, the penalty for trafficking crack greater than 400 grams was not less than 25 years nor more than 30 years under S.C.Code Ann. Section 44-53-375(C)(5). (Applicant's Exhibit 4 at PCR hearing, ECF No. 17-1, p. 86-87)

Petitioner first asserts in Ground Three that the photo lineup was unduly suggestive; the victim did not have the opportunity to adequately observe the shooter; and counsel was ineffective in failing to object to the victim's identification of Petitioner from the lineup as the shooter. He contends that, accordingly, he entered a guilty plea to an offense in which he was not involved. The PCR court found that Byrd failed to introduce evidence to support his allegation that the photo lineup only contained one photo, that of Petitioner. The Magistrate Judge found that the state PCR court did not misapply federal law or, if an error occurred, such error was not unreasonable. Further, she found that (assuming the photo line-up did not pass muster) Byrd did not prove that the State planned to use the identification of Byrd in the prosecution of the case. Also, the Magistrate found that:

> [T]he solicitor did not intend to pursue a trial on Byrd's assault charges, and Byrd only pled guilty to the assault charges to avoid the potential of much longer sentences if he was convicted of his other charges. Therefore, Byrd cannot establish that the PCR court unreasonably found Byrd failed to demonstrate prejudice on this claim because, even assuming Byrd presented evidence showing plea counsel had a basis to challenge the validity of the photo line-up which Byrd failed to do, there is no evidence to show he would not have still pled guilty to the assault charges.

R&R, p. 21.

The Court agrees with the Magistrate Judge's analysis on this point.

Finally, Petitioner asserts that counsel failed to conduct an adequate pretrial investigation of potential witnesses, including an alibi witness, Dezire Semone Young. The PCR court found plea counsel's testimony to be credible; that plea counsel attempted without success to locate potential alibi witnesses; and that counsel adequately investigated the case. This Court agrees with the Magistrate Judge that Byrd has failed to show that "any further investigation by plea counsel would have changed the outcome of the proceeding." R&R, p. 22.

**Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**Conclusion**

The Court has reviewed the entire record, including the Magistrate Judge's R & R and Petitioner's objections, and considered the applicable law. The Court has conducted a de novo review of the R & R, and it finds no merit in Petitioner's objections. For the reasons stated in the Court's order and in the Magistrate Judge's R & R, the Court overrules Petitioner's objections and adopts and incorporates the R & R [ECF No. 31] by reference.

**IT IS THEREFORE ORDERED** that Respondent's motion for summary judgment [ECF No. 18] is **GRANTED** and that Petitioner's habeas petition is **DISMISSED WITH PREJUDICE. IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina               s/ R. Bryan Harwell
March 29, 2016                          R. Bryan Harwell
                                        United States District Judge